Subba v. Holder

BIA
Mulligan, IJ
A087 445 616

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand thirteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           PETER W. HALL,
>           DENNY CHIN,
>                   *Circuit Judges.*

_____

RATNA SUBBA,
>           *Petitioner,*

>           v.                                    12-1347
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:         Ramesh K. Shrestha, New York, New
                        York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Jennifer Williams,
                        Senior Litigation Counsel; Lindsay
                        W. Zimliki, Attorney, Office of

Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ratna Subba, a native and citizen of Nepal, seeks review of a March 5, 2012, decision of the BIA affirming the September 22, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ratna Subba*, No. A087 445 616 (B.I.A. Mar. 5, 2012), *aff'g* No. A087 445 616 (Immig. Ct. N.Y. City Sept. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications such as Subba's, governed by the amendments made to the Immigration and

2

Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility determination on the "demeanor, candor, or responsiveness of the applicant," as well as "the consistency of [the applicant's] statements with other evidence of record . . ., without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Here, the agency's adverse credibility determination is supported by substantial evidence.

Subba challenges the agency's finding that her testimony about her attack by Maoists was inconsistent with a corroborative letter from a neighbor. However, as Subba testified that her neighbor witnessed the attack and "knew" the attackers were Maoists, but his letter stated that the attackers were an "unknown group of people," the agency reasonably relied on this inconsistency in finding her not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Subba's explanation for the inconsistency – that her neighbor was too afraid to identify the attackers in his letter – is insufficient to compel a contrary conclusion because the explanation contradicts her testimony

3

that the inconsistency was due to a translation mistake. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Subba's related argument that the agency overemphasized her neighbor's letter in finding her not credible, where she submitted other letters from family members and her political party corroborating her claim, is unpersuasive, as her neighbor purportedly had personal knowledge of the attack whereas they did not. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006); *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Subba also challenges the agency's demeanor findings that her testimony was "contrived" and "evasive" as being "counterintuitive" and legally erroneous. The IJ observed that during her hearing, Subba "very carefully dabbed her eyes . . . in an attempt to appear upset and convey an expression of emotion," and provided evasive or non-responsive answers to questions about her alleged Maoist attackers. Because these findings are tethered to the record, Subba's explanation that she simply intended to "impress the IJ with the pathos of her plight" is insufficient to overcome the "particular deference" due to

4

the findings. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

We have considered Subba's remaining arguments and find that they lack merit. Accordingly, as the agency's adverse credibility determination is supported by substantial evidence, we will defer to that ruling. *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Subba's life or freedom depended upon her credibility, the adverse credibility determination is dispositive of her claims for relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5